**Steven Walter LUCAS,**
**Plaintiff-Respondent-Cross-Appellant,**

v.

**DANIEL INTERNATIONAL CORPORA-**
**TION, Defendant-Appellant-**
**Cross-Respondent.**

No. 65793.

Supreme Court of Missouri,
En Banc.

Dec. 18, 1984.

Rehearing Denied Jan. 15, 1985.

Richard G. Callahan, Charles R. Miller, Jefferson City, for plaintiff-respondent-cross-appellant.

John E. Burruss, Jr., J. Kent Lowry, Jefferson City, for defendant-appellant-cross-respondent.

WELLIVER, Judge.

Respondent, Steven Walter Lucas, brought this suit for malicious prosecution against appellant Daniel International Corporation in the Circuit Court of Callaway County. The cause initially was tried in Cole County on a change of venue. The jury returned a verdict for respondent, awarding him $250,000 in actual damages and $200,000 in punitive damages. The trial court sustained a motion for a new trial, apparently on the ground that the verdict was so grossly excessive as to indicate bias, passion and prejudice. The case was retried in the Circuit Court of Pettis County and the jury returned a verdict for respondent in the sum of $200,000 in actual damages and $750,000 punitive damages. The trial court granted a remittitur of $450,000 on the ground that the punitive damage award was excessive and against the weight of the evidence. Appellant thereupon appealed to the Court of Appeals, Western District, and respondent cross-appealed. Pursuant to Rule 83.06, the Western District recommended transfer prior to opinion in light of our taking transfer in *Sanders v. Daniel International Corp.*, 682 S.W.2d 803 (Mo. banc 1984), decided herewith. We reverse and remand.

The facts surrounding the criminal prosecution from which the case arises are identical in all relevant respects to those in *Sanders.* Reference should be made to that case for a complete statement of the circumstances prompting this litigation. For our purposes, it is sufficient to note that respondent herein was one of seven persons charged on the basis of a complaint signed by appellant's agents, with the misdemeanor of attempted theft of tools and gauges valued at over fifty dollars. The prosecutor later dismissed the charges.

Appellant has raised several points on appeal, but we need not address these questions because we conclude our holding in *Sanders v. Daniel International Corp.*, *supra*, controls the disposition of this appeal. In *Sanders*, we held that a plaintiff suing on a theory of malicious prosecution must prove that the defendant initiated the prosecution "primarily for a purpose other than that of bringing an offender to justice." *Sanders, supra*, at 814, *quoting* Restatement (Second) of Torts § 668 (1965). In addition, we held that to qualify for punitive damages in a malicious prosecution action, a plaintiff must prove that the

defendant acted out of actual malice, i.e., that his conduct was prompted or accompanied by ill will, or spite, or grudge, . . ." *Sanders, supra,* at 815, *quoting* E. Devitt & C. Blackmar, 3 Federal Practice and Instructions 85.11, at 121 (3rd ed. 1977).

The judgment is reversed and remanded for retrial consistent with our opinion in *Sanders, supra,* at 816.

HIGGINS, BILLINGS and DONNELLY, JJ., concur.

BLACKMAR, J., concurs in result in separate opinion filed.

RENDLEN, C.J., and GUNN, J., dissent in separate opinions filed.

BLACKMAR, Judge, concurring in result.

I agree that the judgment should be reversed and the case remanded for new trial for the reasons stated in my Opinion Concurring in Result in *Sanders v. Daniel International Corporation,* No. 65529, 682 S.W.2d 803 handed down today.

RENDLEN, Chief Justice, dissenting.

I respectfully dissent and would reverse the judgment of the trial court for the reasons set forth in the dissenting opinion of Judge Gunn. Again however, as in the *Sanders v. Daniel International Corp.,* 682 S.W.2d 803 (No. 65529 Mo. banc December 18, 1984), I endorse the suggested jury instruction forms set forth in the separate opinion of Judge Blackmar by which he concurs in result in that case.

GUNN, Judge, dissenting.

For the reasons stated in my dissenting opinion in *Sanders v. Daniel International Corporation,* 682 S.W.2d 803 (No. 65529 Mo. banc December 18, 1984), I dissent from the majority opinion here. The record appears desolate of evidence of any malice by defendant.